## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVESTER COHRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 12-82-SLR-SRF |
| | ) |
| REVENUE COLLECT CRA | ) |
| COLLECTIONS, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the court is plaintiff Sylvester Cohran's (the "Plaintiff") Motion for Default Judgment (D.I. 15) against defendant Revenue Collect CRA Collections ("Revenue Collect"). The Plaintiff seeks to recover damages for alleged violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692, and Delaware's Deceptive Trade Practices Act[1] ("DTPA") under 6 Del. C. § 2532, in connection with Revenue Collect's attempt to recover an unpaid debt. (D.I. 2) For the reasons which follow, I recommend that the court deny Plaintiff's Motion for Default Judgment, and dismiss this action without prejudice.

### II. BACKGROUND

#### A. Procedural Background

On January 27, 2012, Plaintiff filed this action *pro se* seeking damages against Revenue Collect for alleged violations of various federal and state laws in connection with Revenue

---

[1] Plaintiff refers in his Complaint to the DTPA as "Delaware Consumer Protection Laws." (D.I. 2 at 4, 5)

Collect's attempt to recover an unpaid debt. (D.I. 2) Revenue Collect did not respond to the Complaint, and on May 18, 2012, the Plaintiff filed a motion with the Clerk of Court for entry of default. (D.I. 9) On June 6, 2012, the Clerk entered a default in appearance against Revenue Collect. (D.I. 11) The Plaintiff filed the pending Motion for Default Judgment on July 19, 2012. (D.I. 15) On August 8, 2012, the court held a damages inquisition hearing regarding Plaintiff's Motion for Default Judgment. (D.I. 16) Thereafter, the court entered an oral order requiring the Plaintiff to submit additional evidence of his correspondence with Revenue Collect.

### B. Facts

The factual record consists of Plaintiff's testimony at the August 8, 2012 damages inquisition hearing and Plaintiff's submissions to this court (D.I. 17). In 2010,[2] Plaintiff incurred a debt with Christiana Care Health System ("Christiana Care") in the amount of $6,399.00 for medical treatment. (*Id.*) Later, in 2011,[3] Plaintiff received a letter from Revenue Collect, which explained that Revenue Collect is a debt collection agency attempting to recover from Plaintiff an unpaid debt on behalf of Christiana Care. (*Id.*) Plaintiff testified that Revenue Collect, after

---

[2] Plaintiff testified that he incurred a debt with Christiana Care sometime in 2010, but could not remember in which month or on what date.

[3] The record contains a letter from Revenue Collect dated August 15, 2011, which appears to be the initial collection letter Revenue Collect sent to the Plaintiff. However, the Plaintiff indicates in a letter to the court that "[t]here was a mistake made as to the date of the letter. The date should be 8/15/12 instead of 7/25/11." (D.I. 17) Plaintiff asserts in his Complaint that "Plaintiff received a letter from REVENUE COLLECT dated July 25, 2011 that provided Plaintiff with information about an alleged debt that Plaintiff has with Christiana Care Health System." (D.I. 2 ¶ 9) However, no documents in the record are dated July 25, 2011. The record also includes an email from a Revenue Collect representative to Plaintiff, dated January 16, 2012, which states,

> I have requested a copy of the initial letter that went out to you by our 3rd party
> letter mailing vendor. . . . I should have a copy of such letter by the end of next
> week. I will next day air the letter to you and wait for your response thereafter.

(D.I. 17) The only reasonable inference drawn from all of the documents Plaintiff submitted to the court is that Revenue Collect sent the Plaintiff an initial collection letter dated August 15, 2011, regarding a debt claimed by Christiana Care in the amount of $6,399.00.

2

sending its initial correspondence, attempted to contact Plaintiff approximately four times by

phone. Revenue Collect's phone calls to Plaintiff apparently stopped after the Plaintiff began

emailing Revenue Collect.

On January 9, 2012, Plaintiff sent an email to Revenue Collect regarding "Notice of

Pending Lawsuit," which stated, in pertinent part,

> REVENUE COLLECT willfully and negligently violated the FCRA, the
> FDCPA, and the Delaware Consumer Protection Laws, by reporting negative
> information to the Transunion, Equifax, and Experian reporting agencies while
> attempting to collect an alleged debt without "proper" notice and without legal or
> lawful validation.
> Therefore, I demand that you have the negative information removed from
> my consumer reports. I also demand that you pay me $6000.00 as settlement for
> your violations of law at my expense.

(D.I. 17) On January 16, 2012, a Revenue Collect representative sent an email to Plaintiff,

wherein he explained,

> I have requested a copy of the initial letter that went out to you by our 3rd
> party letter mailing vendor. It includes a 30 day dispute disclosure which is
> required by the FDCPA. I should have a copy of such letter by the end of next
> week. I will next day air the letter to you and wait for your response thereafter.

(*Id.*) Plaintiff sent two emails in response, one dated January 18, 2012 and another dated

February 11, 2012, both reiterating Plaintiff's intent to proceed with his lawsuit if Revenue

Collect failed to settle the matter. (*Id.*) Revenue Collect did not respond to either of Plaintiff's

emails.

Plaintiff testified at the hearing that he has not paid Christiana Care or Revenue Collect in

satisfaction of his debt. Plaintiff also testified he is currently paying other debt collection

agencies in connection with debts unrelated to the Christiana Care debt.

## III.   LEGAL STANDARD

Default judgments are governed by Fed. R. Civ. P. 55, which provides, in relevant part:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or

3

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[4] Fed. R. Civ. P. 55(a). After the clerk enters the defendant's default pursuant to Rule 55(a), the plaintiff may seek the court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2).[5]

The decision to deny a default judgment "lies within the discretion of the district court." *Hurst v. Rehoboth Beach*, 2005 WL 823867, at *3 (D. Del. Mar. 31, 2005) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Jorden v. National Guard Bureau*, 877 F.2d 245, 250 (3d Cir. 1989)). However, in determining whether entry of default judgment is appropriate, district courts must consider the Third Circuit's "well-established policy of 'disfavoring default judgments and encouraging decisions on the merits.'"[6] *Husain v. Casino Control Comm'n*, 265 Fed. App'x 130, 133 (3d Cir. 2008) (unpublished) (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988)).

In deciding a motion for default judgment following entry of default, the court will accept as true the well-pleaded factual allegations of the complaint. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). "Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed" by the plaintiff. *United States v. Springer*, 2013 WL 363681, at *3 (D.V.I. Jan. 24, 2013) (citing *DIRECTV, Inc. v. Pepe*, 431

---

[4] A clerk's entry of default, under Rule 55(a), is distinct from a default judgment entered by the clerk, pursuant to Rule 55(b)(1), or by the court, pursuant to Rule 55(b)(2).

[5] Rule 55(b)(1) provides that, on the plaintiff's request, the clerk may enter default judgment against the defendant for the amount and costs the plaintiff requests if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

[6] *See also Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) ("We acknowledge that default judgments are generally disfavored in our circuit." (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951))).

F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6)). Therefore, "[e]ven when the defendant is

properly in default, [the] plaintiff is not entitled to the entry of default judgment as of right."

*Trustees of the Hotel Emps. v. Mazi Enter., LLC*, 2011 WL 1205655, at *2 (D.N.J. Mar. 28,

2011) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).[7]

In addition, "[t]he plaintiff's unchallenged facts set forth in the complaint must establish

a legitimate cause of action before default judgment can be entered."[8] *Mancuso v. Tyler Dane,

LLC*, 2012 WL 1536210, at *2 (D.N.J. May 1, 2012) (citation omitted). *See also Carroll v.

Stettler*, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) (explaining that "it remains for the

court to consider whether the unchallenged factual allegations constitute a legitimate cause of

action, since a party in default does not admit mere conclusions of law"); *Trustees of the Hotel

Emps.*, 2011 WL 1205655, at *2 (holding that "prior to entering default judgment, the Court

must also establish that the plaintiff has asserted a legitimate cause of action"); *Trio Dying &

Finishing Co. v. Mimarc Indus.*, 1995 WL 612914, at *1 (E.D. Pa. Oct. 11, 1995) ("The court

must be satisfied that the . . . remedies applied for are justified by the pleadings and other

information of record.").[9]

---

[7] *See also Springer*, 2013 WL 363681, at *3 (holding that "[p]arties are not entitled to an entry of
default judgment as of right" (citing *Tozer*, 189 F.2d at 244)); *Mancuso v. Tyler Dane, LLC*,
2012 WL 1536210, at *2 (D.N.J. May 1, 2012) (noting that "[a] plaintiff is not entitled to entry
of default judgment against a defendant as of right" (citing *Hritz*, 732 F.2d at 1180)); *Duncan v.
Speach*, 162 F.R.D. 43, 45 (E.D. Pa. 1995) (explaining that "the movant is not entitled to a
default judgment as of right, even 'when the defendant is technically in default').

[8] "Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint,
'however inartfully pleaded, must be held to less stringent standards than formal pleadings
drafted by lawyers.'" *Day v. Ibison*, 2013 WL 1455408, at *1 (D. Del. Apr. 8, 2013) (quoting
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[9] It is well-established that the cause of action underlying a default judgment must be legitimate.
*See, e.g.*, *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)
("There must be a sufficient basis . . . for the judgment entered. As the Supreme Court stated[,] . .
. a default judgment may be lawfully entered only 'according to what is proper to be decreed

## IV.   DISCUSSION

The court should deny Plaintiff's Motion for Default Judgment because Plaintiff fails to assert a claim upon which to grant an award. Plaintiff's suit is based on Revenue Collect's alleged violation of three statutes. The Complaint contains conclusory statements of the alleged violations. For the reasons which follow, the alleged statutory violations are either inapplicable to this matter or without record support. Thus, the Plaintiff's Complaint fails to state a claim and the Plaintiff is not entitled to an award of damages.

### A. FCRA

Plaintiff's claim that Revenue Collect willfully or negligently violated the FCRA is deficient in two respects, and therefore, the claim cannot succeed.[10] First, Plaintiff argues erroneously that Revenue Collect violated the FCRA, under 15 U.S.C. § 1681s-2, by failing to notify Plaintiff that it allegedly furnished negative information about Plaintiff to credit reporting agencies. (D.I. 2 ¶¶ 16, 19) Although Plaintiff does not cite a specific section of 15 U.S.C. § 1681s-2 in support of his position, only one part of the statute relates to Plaintiff's argument. Subsection (a)(7)(A)(i) states, in relevant part:

In general. If any *financial institution that extends credit* and regularly and in the ordinary course of business furnishes information to a consumer reporting agency . . . furnishes negative information to such an agency *regarding*

upon the statements of the bill, assumed to be true,' and not 'as of course according to the prayer of the bill.' The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." (quoting *Thomson v. Wooster*, 114 U.S. 104, 113 (1885))); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that a motion for default judgment will be denied unless the allegations in the complaint are legally sufficient to make out a claim).

[10] Plaintiff asserts in the "Factual Allegations" section of the Complaint that Revenue Collect violated the FCRA by failing to provide Plaintiff with "'proper' notice of any legal or lawful assignment of the alleged debt." (D.I. 2 ¶ 10) However, Plaintiff does not request relief for this alleged violation. Furthermore, none of the statutes that Plaintiff identifies provide any authority for the Plaintiff's contention.

6

*credit extended to a customer*, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.

15 U.S.C. § 1681s-2(a)(7)(A)(i) (emphasis added). Here, Plaintiff fails to allege and/or submit evidence that Revenue Connect is a "financial institution that extends credit." *See id.* Moreover, nothing in the record suggests, nor does Plaintiff assert, that the Christiana Care debt relates to credit extended by Revenue Collect. Therefore, Plaintiff's argument that Revenue Collect was required to provide notice of the furnishing of negative credit information is without merit.

Secondly, Plaintiff argues, without any evidentiary support, that Revenue Collect violated the FCRA by "reporting negative information about Plaintiff to . . . [credit] reporting agencies." (D.I. 2 ¶¶ 16, 19) Plaintiff's complaint lacks any factual detail establishing that Revenue Collect submitted negative information about him, and Plaintiff has not referenced or produced any of his credit reports. Consequently, there is no evidence from which to infer that Revenue Collect's debt collection activities negatively impacted Plaintiff's credit score. Furthermore, Plaintiff testified he is paying other debt collection agencies in connection with debts unrelated to this matter. The Plaintiff fails to show that Revenue Collection's alleged actions had a greater negative impact on his credit score than the score resulting from debts that are not the subject of this suit. In addition, the Plaintiff denied at the hearing that he has been turned down for any loans as a result of the collection activities alleged. Accordingly, Plaintiff fails to prove any damages upon which to grant an award.

### B. FDCPA

Plaintiff's FDCPA claim, like his FCRA argument, is without merit because Plaintiff fails to prove damages upon which to grant a default judgment. The record does not support Plaintiff's contention that Revenue Collect willfully or negligently violated the FDCPA under 15 U.S.C. § 1692(e)(2) "by misrepresenting the character, amount, or legal status of the alleged

7

debt." (D.I. 2 ¶¶ 23(a), 27(a)) In fact, Plaintiff admitted at the damages inquisition hearing that he incurred the Christiana Care debt, and did not dispute the debt's character, amount, or unpaid status.

Similarly without support in the record is Plaintiff's claim that Revenue Collect willfully or negligently violated FDCPA § 1692(e)(5) "by threatening to take action that cannot legally be taken or is not intended to be taken." (D.I. 2 ¶¶ 23(b), 27(b)) The correspondence from Revenue Collect that Plaintiff submitted does not, in any way, threaten action. Plaintiff's testimony, that during alleged phone conversations with Revenue Collect, the company did not follow the procedures Plaintiff is "used to," likewise does not establish that Revenue Collect threatened to take action. Revenue Collect's correspondence and alleged phone calls fail to substantiate Plaintiff's argument that Revenue Collect willfully or negligently violated FDCPA § 1692(e)(10) "by using false representation or deceptive means to collect an alleged debt." (D.I. 2 ¶¶ 23(c), 27(c)) Accordingly, Plaintiff fails to substantiate his claims and prove any damages under the FDCPA upon which to grant an award.

## C. DTPA

Delaware's Deceptive Trade Practices Act, 6 Del. C. § 2532, upon which Plaintiff relies in counts V and VI of his Complaint, does not apply to matter at issue. "The Act is intended to address unfair or deceptive trade practices that interfere with the promotion and conduct of another's business." *Grand Ventures v. Whaley*, 632 A.2d 63, 65 (Del. 1993). The present case involves neither deceptive trade practices nor interference with another's business. Moreover, "[c]onsumers lack standing to raise deceptive trade practice claims under the DTPA." *Nieves v.*

*All Star Title, Inc.*, 2010 WL 2977966, at *6 (Del. Super. Ct. July 27, 2010) (citing *Grand Ventures*, 632 A.2d at 70). Accordingly, the court should deny Plaintiff's DTPA claims.[11]

## V.   CONCLUSION

For the foregoing reasons, I recommend that the court deny Plaintiff's Motion for Default Judgment and dismiss this action[12] without prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order in Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: April 16, 2013

Sherry R. Fallon
United States Magistrate Judge

---

[11] Plaintiff's Complaint alleges Revenue Collect violated "Delaware Consumer Protection Laws" (D.I. 2 at 4, 5), which suggests Plaintiff may have mistakenly cited the DTPA, while intending to cite the Consumer Fraud Act ("CFA") under 6 Del. C. §§ 2511-2527. Even assuming Plaintiff cited the CFA, his claims would still fail. The CFA is intended to "provide[] direct protection to consumers from fraudulent acts of sellers." *Grand Ventures*, 632 A.2d at 70. In this case, Plaintiff is neither a consumer nor is Revenue Collect a seller. Accordingly, the CFA, like the DTPA, is inapplicable and Plaintiff's claims must fail.

[12] This court "may *sua sponte* dismiss a complaint under Rule 12(b)(6) after service of process if the plaintiff is afforded an opportunity to respond. *Sua sponte* dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile." *In re Nat'l Rural Utilities Coop. Fin. Corp.*, 2013 WL 1182220, at *5 (D. Del. Mar. 20, 2013) (citations omitted). *See also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980).